UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AFAM UZOUKWU,                                )
                                             )          **AMENDED COMPLAINT**
                    Plaintiff,               )
                                             )          **JURY TRIAL DEMANDED**
        -against-                            )
                                             )          **ECF Case**
THE CITY OF NEW YORK,                        )
MICHELE KRAWIECKI, and CARL MILUSO,          )          10 Civ. 4960 (PGG)(AJP)
                                             )
                    Defendants.              )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

4.	Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.	Plaintiff AFAM UZOUKWU is a resident of the State of New York and is a citizen of the United States.

6.	Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.	Defendants KRAWIECKI and MILUSO are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities.

## STATEMENT OF RELEVANT FACTS

8. On May 15, 2008, at or about 5:15 p.m., plaintiff UZOUKWU was sitting in the Dutch Kills Playground, which is at the intersection of Crescent Street and 36th Avenue, in the County of Queens, New York. Plaintiff was with his two children, ages 3 and 5 years old. Because of recent surgery, plaintiff was wearing a neck brace and had crutches.

9. Plaintiff was approached by defendant police officers KRAWIECKI and MILUSO and asked for identification. Plaintiff did not have state-issued identification on his person, but showed the defendants mail which was addressed to him.

10. Defendants KRAWIECKI and MILUSO struck plaintiff UZOUKWU, knocking him to the ground. Defendants KRAWIECKI and MILUSO arrested plaintiff, and charged him with Disorderly Conduct and Obstructing Governmental Administration. Plaintiff had not done anything which would justify an arrest.

11. All charges were dismissed on August 21, 2009.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

12. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

13. By their conduct and actions in falsely arresting plaintiff UZOUKWU, by fabricating evidence against him, by abusing criminal process against plaintiff, by using excessive force upon plaintiff, by strip searching plaintiff, and by failing to intervene to prevent the complained of conduct, defendants KRAWIECKI and MILUSO, acting under color of law

and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

15. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants KRAWIECKI and MILUSO.

18. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth

and Fourteenth Amendments.

19.     As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Pre- and post-judgment costs, interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            October 14, 2010

                                    _____
                                    MICHAEL L. SPIEGEL, Esq.
                                    111 Broadway, Suite 1305
                                    New York, New York 10006
                                    (212) 587-8558
                                    *Attorney for Plaintiff*

AFAM UZOUKWU, )
)
)
                Plaintiff, )
)
   -against- )
)
)
THE CITY OF NEW YORK, )
MICHELE KRAWIECKI, and CARL MILUSO, )
)
                Defendants. )
-----------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**


MICHAEL L. SPIEGEL, ESQ.
ATTORNEY FOR PLAINTIFF AFAM UZOUKWU
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006
(212)587-8558

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated: